■ JOSEPH SCALZO, Appellant, v JUDITH SCALZO, Respondent.—In a matrimonial action in which the parties were previously divorced, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered November 13, 1987, which denied his motion which was, in effect, to amend the divorce judgment.

Ordered that the order is affirmed, with costs.

Pursuant to a judgment of divorce dated February 23, 1981, the marital premises were to be placed on the open market and sold at the best available price with the net proceeds to be divided equally. The judgment of divorce also provided that the plaintiff had the right at any time to buy out the defendant's interest at a mutually agreed-upon price. The judgment awarded counsel fees to each of the respective attorneys, Emanuelli for the defendant and Hersh for the plaintiff, payable by the plaintiff, "said sums to be paid in full no later than from the proceeds from the sale of the marital premises * * * which sums may be entered as judgments in the Office of the Clerk of the County of Westchester".

Thereafter, an amended money judgment was entered in the office of the County Clerk. This amended money judgment, inter alia, provided in its recital paragraph that Hersh and Emanuelli were to be paid "off the top no later than from the proceeds from the sale of the marital premises". The amended money judgment also provided in a decretal paragraph that Emanuelli was "granted judgment against [the plaintiff and the defendant] * * * said sum to be paid in full off the top no

later than from the proceeds of the sale of the marital premises" (emphasis supplied).

The marital premises were never sold on the open market. Rather, the plaintiff exercised his right to buy out the defendant's interest. The price of $65,000 was agreed to, and a contract of sale was thereafter executed by the parties on March 16, 1987. After the defendant executed the contract, the plaintiff's present attorney inserted a paragraph granting the plaintiff a "credit * * * as part of ½ of outstanding legal fees due attorneys Hersh and Emanuelli". The defendant refused to consent to this provision, and the instant litigation ensued.

The divorce judgment clearly provided that (1) all of the legal fees in the divorce action would be paid for by the plaintiff alone, no later than the receipt of proceeds from the sale of the marital residence and (2) a money judgment could be subsequently entered for those fees. The money judgment subsequently entered, provided, in its recital paragraph, and in one of its decretal paragraphs, that the legal fees were to be paid in full "off the top", i.e., they were to be split between the parties. This provision in the money judgment was not in accord with the divorce judgment, and was improper. The contract of sale, in the form executed by the defendant, called for a purchase price of $65,000, and the plaintiff was not entitled to a credit of one half of the attorney's fees. Accordingly, the order appealed from is affirmed. Mangano, J. P., Bracken, Eiber, Spatt and Sullivan, JJ., concur.